**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

GEORGE E. HAGER,

          Plaintiff,

v.                                     CIVIL ACTION NO. 5:06-cv-00633

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION OF
MAGISTRATE JUDGE**

*I. PROCEDURAL HISTORY*

Plaintiff George Hager filed the instant action seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to Magistrate Judge VanDervort by Standing Order entered August 1, 2006 and filed in this case on August 14, 2006, to consider the pleadings and evidence, and to submit a Proposed Findings of Fact and Recommendation (PF&R) for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

In his PF&R, Magistrate Judge VanDervort recommended that this Court grant Plaintiff's Motion for Summary Judgment [Docket 13], deny Defendant's Motion for Judgment on the Pleadings [Docket 15], vacate the final decision of the Commissioner, and remand this case for further proceedings consistent with the PF&R and this Court's decision. The matter is now before the Court on Defendant's objections to the PF&R. The Court has conducted a *de novo* review of

Defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C), and for the reasons set forth below, the Court overrules Defendant's objections and adopts the PF&R in its entirety.

## II. ANALYSIS

The magistrate judge's PF&R thoroughly recites the procedural history and factual background of this case and correctly identifies the applicable standards of review. The magistrate judge properly considered whether the ALJ's decision was supported by substantial evidence on the record, as expanded by the information submitted to the Appeals Council. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (limiting judicial review of a final decision regarding disability benefits under the Social Security Act to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied); *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93 (4th Cir. 1991) (including materials presented to the Appeals Council in the administrative record).

Magistrate Judge VanDervort identified at least three areas where the ALJ's decision was deficient, and, taken together, these deficiencies indicate that the decision is not supported by substantial evidence on the record. Specifically, Magistrate Judge VanDervort found that the ALJ (1) did not properly determine whether Plaintiff's right shoulder impairment affected his ability to work during the period of time covered by the ALJ's decision; (2) did not consider all of Plaintiff's mental impairments in combination; and (3) did not afford proper weight to the medical opinions of Dr. Faheem, Dr. Dy, and Dr. Lim. Defendant filed his objections to the PF&R on August 24, 2007, claiming that (1) the additional evidence submitted to the Appeals Council provides no basis for changing the ALJ's decision; and (2) substantial evidence supports the ALJ's decision that Plaintiff had no severe mental impairment. (Docket 17 at 2, 3.)

### A. *Defendant's First Objection - Plaintiff's Right Shoulder Impairment*

Regarding the first objection, Defendant specifically argues that the additional evidence regarding Plaintiff's right shoulder impairment, including an MRI taken on November 22, 2005 (approximately two months after the ALJ's decision), should not be considered because it does not relate to the claimant's condition prior to the ALJ's decision. (*Id.* at 3.) Defendant bases his objection on the Fourth Circuit's holding in *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93 (4th Cir. 1991), which requires that additional evidence be "(a) new, (b) material, and (c) relate[] to the period on or before the date of the ALJ's decision." *Id.* at 95-96 (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). Material evidence is that which has a reasonable possibility of changing the outcome. *Id.* at 96.

Contrary to Defendant's objection, the MRI taken in November satisfies these conditions. First, because there is no other evidence in the record regarding a tear in Plaintiff's supraspinatus tendon, the evidence is new. Second, even though the pain had been "worsening recently" (Tr. at 357) at the time of the MRI, the magistrate judge correctly points out that it is possible that the initial tear occurred during the period on or before the date of the ALJ's decision. (Docket 16 at 10.) Third, while it is unsettled whether the torn tendon constitutes a severe impairment, it is clear that the tear limited Plaintiff's functional capacity of his right arm. Thus, the MRI results might reasonably change the ALJ's conclusion regarding Plaintiff's ability to work during the period of time covered. Because all three conditions set forth in *Wilkins* have been met, Defendant's objection should be **OVERRULED** and the matter remanded so that the ALJ can properly consider the additional evidence regarding Plaintiff's right shoulder impairment.

### B. *Defendant's Second Objection - Plaintiff's Mental Impairment*

Defendant argues, contrary to the magistrate judge's PF&R, that the ALJ adequately considered the combined effects of all of Plaintiff's mental impairments in making is determination that the impairment was not severe. In support of his objection, Defendant points to the opinions of Dr. Harlow (the Commissioner's reviewing psychologist), Dr. Faheem (Plaintiff's treating psychiatrist), and psychologist Stephanie K. Ford relied on by the ALJ in determining that Plaintiff had no severe mental impairment. As the magistrate judge correctly points out, however, the ALJ's written opinion mentions Dr. Harlow's report, but makes no mention of Plaintiff's borderline intellectual functioning as determined by Ms. Ford and Dr. Faheem. (Tr. at 21-22.) Moreover, the ALJ's assessment of Plaintiff's residual functional capacity does not take into consideration any of Plaintiff's mental impairments. (Tr. at 26-27.) Even though the ALJ questioned a vocational expert at the hearing regarding Plaintiff's physical ability to perform unskilled jobs, the questioning does not properly take into account Plaintiff's mental ability to perform those jobs. (*See* Tr. at 401-02.) Thus, it is clear from the transcript that the ALJ did not adequately consider the opinions of Dr. Faheem and Ms. Ford, and not consider all of Plaintiff's mental impairments in combination in determining that Plaintiff had no severe mental impairment. Defendant's second objection should likewise be **OVERRULED**.

### III. CONCLUSION

Consistent with Magistrate Judge VanDervort's careful analysis contained in the PF&R, and in light of the additional evidence not considered by the ALJ, the Court finds that the ALJ's decision was not supported by substantial evidence as required, and that the case should be remanded to the Commissioner for further proceedings consistent with the PF&R and this Court's order. Based on

the foregoing, the Court **OVERRULES** Defendant's Objections to the Magistrate Judge's Report and Recommendation [Docket 17], **GRANTS** Plaintiff's Motion for Summary Judgment [Docket 13], **DENIES** Defendant's Motion for Judgment on the Pleadings [Docket 15], and **REMANDS** the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security for further proceedings consistent with the PF&R and this Court's Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   September 19, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE